ORIGINAL

# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FIRST HEALTH GROUP CORP.,**<br>**3200 Highland Avenue**<br>**Downers Grove, IL  60515-1282,** | : |
| | : |
| **Plaintiff,** | : **CIVIL ACTION NO.** |
| | : **1:00-CV-312** |
| **v.** | : |
| | : |
| **NATIONAL PRESCRIPTION** | : |
| **ADMINISTRATORS, INC.,** | : |
| **711 Ridgedale Avenue** | : |
| **East Hanover, NJ  07936** | : |
| | : |
| **And** | : |
| | : |
| **DAVID W. NORTON,** | : |
| **1220 Whitby Road** | : |
| **Richmond, VA  23277,** | : |
| | : |
| **Defendants** | : |
| | : |

ℐ. Kane

**FILED**
HARRISBURG, PA

MAR 1 3 2000

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

## ANSWER OF DAVID W. NORTON

AND NOW, comes the Defendant, David W. Norton , by his attorneys, and files

this answer to the Complaint and avers the following:

### THE PARTIES

1.      **PARAGRAPH ONE (1)  is ADMITTED.**

2.      **PARAGRAPH TWO (2)** is **ADMITTED** in part and **DENIED** in part.

Norton  is without knowledge or information sufficient to form a belief as to the

truth of the averment that First Health Group Corp.  (hereinafter referred to as

"First Health") is the "nation's premier" national health benefits company.

16330-1

1

Norton **ADMITS** that First Health is a national health benefits company founded in 1982.

3-4.    **PARAGRAPHS THREE (3) AND FOUR (4) are ADMITTED.**

5.    **PARAGRAPH FIVE (5)** is **ADMITTED** in part and **DENIED** in part. Norton **DENIES** that he is an employee or officer of Norton. The remaining allegations of this paragraph are **ADMITTED.**

## VENUE AND JURISDICTION

6-7.    **PARAGRAPHS SIX (6) AND SEVEN (7)** are **LEGAL CONCLUSIONS** to which a responsive pleading is not required.

## BACKGROUND

8.    **PARAGRAPH EIGHT (8)** is **ADMITTED** in part and **DENIED** in part. Norton is without knowledge or information sufficient to form a belief as to the truth of the averment that First Health is "one of the leading healthcare administration and management firms" as Norton does not know what the Plaintiff means by this statement.  The remaining allegations of this paragraph are **ADMITTED.**

9.    **PARAGRAPH NINE (9)** is **ADMITTED** in part and **DENIED** in part. Norton is without knowledge or information sufficient to form a belief as to the truth of the averments that First Health Services Corporation (hereinafter referred to as "FHSC") is the "fourth largest pharmacy benefit management company" or that it provides a "complete array" of services.  Norton **ADMITS** that FHSC is a pharmacy benefit management company that provides pharmacy benefit administration and clinical management services.

10-12.  **PARAGRAPHS TEN (10) THROUGH TWELVE (12)** are **ADMITTED.**

13.    **PARAGRAPH THIRTEEN (13)** is **DENIED**.

14.    **PARAGRAPH FOURTEEN (14)** is **ADMITTED** in part and **DENIED** in part.  Norton **DENIES** that he was "employed" by First Health until October 28, 1999.  The remaining allegations of this paragraph are **ADMITTED**.

15.    **PARAGRAPH FIFTEEN (15)** is **ADMITTED,** except that Norton was Vice President for approximately three years, not two years.

16.    **PARAGRAPH SIXTEEN (16)** is **ADMITTED.**

17.    **PARAGRAPH SEVENTEEN (17)** is **ADMITTED** in part and **DENIED** in part.  Norton is without knowledge or information sufficient to form a belief as to the truth of the averment that he "gained an intimate working knowledge of First Health's confidential and proprietary business information" as Norton does not know what specifically Plaintiffs are specifically referring to.  Norton **ADMITS** that he gained some experience and knowledge while working for First Health.  The remaining allegations of this paragraph are **DENIED.**

18.    **PARAGRAPH EIGHTEEN (18)** is **DENIED.**  Norton is without knowledge or information sufficient to form a belief as to the truth of the averment that First Health requires all employees to execute employment agreements or that such agreements "confirm clear and precise obligations of confidentiality."  The remaining allegations of this paragraph are specifically **DENIED**.

19.    **PARAGRAPH NINETEEN (19)** is **ADMITTED** in part and **DENIED** in part. Norton **DENIES** that the Employment Agreement was executed on or about October 1, 1997. The remaining allegations of this paragraph are **ADMITTED**.

20-24. **PARAGRAPHS TWENTY (20) THROUGH THROUGH TWENTY-FOUR (24)** are **ADMITTED**. Norton, however, **DENIES** any implication that these quoted sections are complete or are the only documents evidencing his contractual relationship with First Health.

25.    **PARAGRAPH TWENTY-FIVE (25)** is **DENIED**.

26.    **PARAGRAPH TWENTY-SIX (26)** is **ADMITTED** in part and **DENIED** in part. Norton **DENIES** that he was "terminated" after September of 1999 or that the new PACE Contract commences on June 1, 2000. The remaining allegations of this paragraph are **ADMITTED.**

27.    **PARAGRAPH TWENTY-SEVEN (27)** is **ADMITTED.**

28.    **PARAGRAPH TWENTY-EIGHT (28)** is **ADMITTED** in part and **DENIED** in part. Norton is without knowledge or information sufficient to form a belief as to the truth of the averment that he was "instrumental" in preparing NPA's bid proposal as Norton does not know what meaning Plaintiff gives to this term. The remaining allegations of this paragraph are **ADMITTED.**

29.    **PARAGRAPH TWENTY-NINE (29)** is **ADMITTED**. To the extent that this paragraph implies that the oral presentation by Norton occurred before his "termination" by First Health, this allegation is **DENIED.** By way of further answer, the oral presentation occurred on February 3, 2000.

30-31. **PARAGRAPHS THIRTY (30) AND THIRTY-ONE (31)** are **ADMITTED.**

32.    **PARAGRAPH THIRTY-TWO (32)** is **ADMITTED** in part and **DENIED** in part. Norton is without knowledge or information sufficient to form a belief as to the truth of the averment that NPA has never managed and administered a "comparable program... that provides pharmaceutical assistance to the elderly." Norton **DENIES** that any of NPA's previous bid proposals were "substantially insufficient." The remaining allegations of this paragraph are **ADMITTED.**

33.    **PARAGRAPH THIRTY-THREE (33)** is **ADMITTED** in part and **DENIED** in part. NPA **DENIES** that "NPA does not have professional and managerial personnel who have experience and related education for a project such as PACE" or that "the only such professional and management personnel are the existing staff of First Health." Norton further **DENIES** that NPA has "wrongfully and unlawfully proposed [him] as officer-in-charge." The remaining allegations of this paragraph are **ADMITTED.**

34.    **PARAGRAPH THIRTY-FOUR (34)** is **ADMITTED** in part and **DENIED** in part. Norton **ADMITS** that Robert Howells is responsible for overseeing the PACE Program. Norton is without knowledge or information to form a belief as to the truth of the averment that Mr. Howells "possesses the most current experience with hands-on management of the PACE Program." The remaining allegations of this paragraph are **DENIED.**

35.     **PARAGRAPH THIRTY-FIVE (35)** is **DENIED**. Norton is without knowledge or information sufficient to form a belief as to the truth of the averment that Norton "possesses such information" because the Plaintiff does not specify such information. The remaining allegations of this paragraph are specifically **DENIED.**

36.     **PARAGRAPH THIRTY-SIX (36)** is **ADMITTED** in part and **DENIED** in part. Any implication that Norton must rely on First Health employees to implement the PACE Program is **DENIED**. Norton also **DENIES** that any representation made in NPA's bid proposal "is without merit." The remaining allegations of this paragraph are **ADMITTED.**

37.     **PARAGRAPH THIRTY-SEVEN (37)** is **ADMITTED** in part and **DENIED** in part. Norton is without knowledge or information sufficient to form a belief as to the truth of the averment that "First Health will make appropriate efforts to retain these key personnel or arrange to assign them to other programs." Norton is without knowledge or information sufficient to form a belief as to the truth of the averment that First Health has "no obligation to the Department" as to First Health employees. Norton also **DENIES** that First Health must give permission for NPA to employ First Health employees. The remaining allegations of this paragraph are **ADMITTED.**

38.     **PARAGRAPH THIRTY-EIGHT (38)** is **DENIED.** Norton is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

39.     **PARAGRAPH THIRTY-NINE (39)** is **ADMITTED** in part and **DENIED** in part. Norton **DENIES** that there is any exception. The remaining allegations of this paragraph are **ADMITTED.**

40.     **PARAGRAPH FORTY (40)** is **ADMITTED** in part and **DENIED** in part. Norton **DENIES** that he violated any employment agreement with First Health and **DENIES** that NPA "does not have the requisite qualifications and personnel to satisfy the RFP." The remaining allegations of this paragraph are **ADMITTED.**

41-42. **PARAGRAPHS FORTY-ONE (41) AND FORTY-TWO (42)** are **DENIED.**

**DEFENSE TO COUNT I**
**First Health v. Norton**
**Breach of Contract**

43.     In response to **PARAGRAPH FORTY-THREE (43)**, Norton incorporates herein by reference as though fully set forth paragraphs one (1) through forty-two (42) above.

44.     **PARAGRAPH FORTY-FOUR (44)** is a **LEGAL CONCLUSION** to which no responsive pleading is required. To the extent that a response may be deemed to be necessary, Norton **DENIES** that the "Agreement" is valid or enforceable to prevent any of the conduct engaged in or to be engaged in by Norton.

45.     **PARAGRAPH FORTY-FIVE (45)** is **DENIED**. Norton is without knowledge or information sufficient to form a belief as to the truth of any averment concerning "consideration for" and any "reliance upon" promises and

obligations in the "Agreement" or as to "confidential and proprietary business information" provided to him.

46.     **PARAGRAPH FORTY-SIX (46)** is **DENIED.** In particular, Norton **DENIES** that any "confidential or proprietary business information owned by First Health" was disclosed to NPA or used by the Defendants. Norton specifically **DENIES** that he has or will breach any confidentiality clause.

47.     **PARAGRAPH FORTY-SEVEN (47)** is **DENIED.** Norton specifically **DENIES** that he solicited or diverted any actual or prospective customers of First Health.

48.     **PARAGRAPH FORTY-EIGHT (48)** is **ADMITTED** in part and **DENIED** in part. Norton **ADMITS** that he met with a representative of the "Department" in approximately May of 1999. Norton, however, **DENIES** that that meeting involved any solicitation on behalf of NPA or any other competitor. The remaining allegations of this paragraph are **DENIED.**

49.     **PARAGRAPH FORTY-NINE (49)** is **DENIED.** In particular, Norton **DENIES** that he has solicited or hired any First Health employees.

50-53. **PARAGRAPHS FIFTY (50) THROUGH FIFTY-THREE (53)** are **DENIED.** Norton specifically **DENIES** that the Plaintiff is entitled to any of the relief requested in the "WHEREFORE" section following paragraph fifty-three (53).

**DEFENSE TO COUNT II**
**First Health v. Norton**
**(Misappropriation of Trade Secrets – Under Common Law**
**and 765 ILCS §§ 1065/1- 1065/8)**

54.     In response to **PARAGRAPH FIFTY-FOUR (54)**, Norton incorporates herein by reference as through fully set forth paragraphs one (1) through fifty-three (53) above.

55.     **PARAGRAPH FIFTY-FIVE (55)** is **DENIED.** Norton is without knowledge or information sufficient to form a belief as to the truth of any averment that "Norton possesses confidential, proprietary trade secrets and business information" belonging to First Health because the Plaintiff has not specified these secrets or this information.

56.     **PARAGRAPH FIFTY-SIX (56)** is **DENIED.** Norton is without knowledge or information sufficient to form a belief as to the truth of any averments in this paragraph.

57.     **PARAGRAPH FIFTY-SEVEN (57)** is **DENIED**. Norton is without knowledge or information sufficient to form a belief as to the truth of any averments in this paragraph.

58.     **PARAGRAPH FIFTY-EIGHT (58)** is **DENIED**. In particular, Norton **DENIES** that he disclosed or used any of "First Health's confidential, proprietary trade secrets and business information."

59-64. **PARAGRAPHS FIFTY-NINE (59) THROUGH SIXTY-FOUR (64)** are **DENIED**. NPA specifically **DENIES** that Plaintiff is entitled to any of the relief requested in the "WHEREFORE" section following paragraph sixty-four (64).

**DEFENSE TO COUNT III**
**First Health v. Norton**
**(Breach of Fiduciary Duty)**

65.    In response to **PARAGRAPH SIXTY-FIVE (65)**, Norton incorporates herein by reference as though fully set forth paragraphs one (1) through sixty-four (64) above.

66.    **PARAGRAPH SIXTY-SIX (66)** is **ADMITTED** in part and **DENIED** in part. Norton **DENIES** that Norton was an "employee and officer" of First Health until October 28, 1999. Norton is not certain as to the meaning given by Plaintiff to the term "utmost" so it is **DENIED**. The remaining allegations of this paragraph are **ADMITTED**.

67.    **PARAGRAPH SIXTY-SEVEN (67)** is **DENIED**. In particular, Norton **DENIES** that he was employed by NPA, had any plan or intention to solicit First Health employees, or solicited the "Department" prior to October 28, 1999. Norton further **DENIES** that he has ever solicited First Health employees or that he has solicited the "Department" for the PACE Contract.

68-70. **PARAGRAPHS SIXTY-EIGHT (68) THROUGH SEVENTY (70)** are **DENIED**. Norton specifically **DENIES** that the Plaintiff is entitled to any of the relief requested in the "WHEREFORE" section following paragraph seventy (70).

**DEFENSE TO COUNT IV**
**First Health v. NPA**
**(Inducing Breach of Fiduciary Duty)**

71.    In response to **PARAGRAPH SEVENTY-ONE (71)**, NPA incorporates herein by reference as though fully set forth paragraphs one (1) through seventy (70) above.

72-76. **PARAGRAPHS SEVENTY-TWO (72) THROUGH SEVENTY-SIX (76)** are **DENIED.** Norton specifically **DENIES** that the Plaintiff is entitled to

any of the relief requested in the "WHEREFORE" section following paragraph seventy-six (76).

### DEFENSE TO COUNT V
### First Health v. NPA
### (Tortious Interference with Norton's Contract)

77.     In response to **PARAGRAPH SEVENTY-SEVEN (77),** Norton incorporates herein by reference as though fully set forth paragraphs one (1) through seventy-six (76) above.

78.     **PARAGRAPH SEVENTY-EIGHT (78) is a LEGAL CONCLUSION** to which no responsive pleading is required.  To the extent that a response may be deemed to be necessary, Norton **DENIES** that the "agreement" in any manner is valid or enforceable to limit the conduct of him or NPA as is suggested by the Plaintiff.

79.     **PARAGRAPH SEVENTY-NINE (79) is ADMITTED** in part and **DENIED** in part.  Norton **DENIES** that NPA was aware of any restriction on him in soliciting First Health employees. Norton **ADMITS** that NPA was aware of confidentiality restrictions and restrictions on soliciting business.

80-85. **PARAGRAPHS EIGHTY (80) THROUGH EIGHTY-FIVE (85) are DENIED.**  NPA specifically **DENIES** that the Plaintiff is entitled to any of the relief requested in the "WHEREFORE" section following paragraph eighty-five (85).

### DEFENSE TO COUNT VI
### First Health v. NPA
### (Misappropriation of Trade Secrets)

86.    In response to **PARAGRAPH EIGHTY-SIX (86)**, Norton incorporates herein by reference as though fully set forth in paragraphs one (1) through eighty-five (85) above.

87.    **PARAGRAPH EIGHTY-SEVEN (87) is DENIED.** Norton is without knowledge or information sufficient to form a belief as to the truth of the averment that "Norton possesses confidential, proprietary trade secrets and business information that belongs to First Health" because the Plaintiff has not specified the secrets or information.

88.    **PARAGRAPH EIGHTY-EIGHT (88) is DENIED.** Norton is without knowledge or information sufficient to form a belief as to the truth of any averments contained in this paragraph.

89.    **PARAGRAPH EIGHTY-NINE (89) is DENIED.** Norton is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. Because no "confidential, proprietary trade secrets and business information" were shared with NPA or used in NPA's bid proposal, Norton **DENIES** that any efforts by First Health to interfere with the bidding process and contract are "reasonable."

90-98. **PARAGRAPHS NINETY (90) THROUGH NINETY-EIGHT (98)** are **DENIED.** Norton specifically **DENIES** that the Plaintiff is entitled to any of the relief requested in the "WHEREFORE" section following paragraph ninety-eight (98).

**DEFENSE TO COUNT VII**
**First Health v. Norton and NPA**
**(Tortious Interference with Prospective**

Economic Advantage)

99.     In response to **PARAGRAPH NINETY-NINE (99)**, Norton incorporates herein by reference as though fully set forth paragraphs one (1) through ninety-eight (98) above.

100.    **PARAGRAPH ONE-HUNDRED (100) is ADMITTED**.

101.    **PARAGRAPH ONE HUNDED ONE (101) is DENIED**.

102.    **PARAGRAPH ONE HUNDRED TWO (102) is DENIED.** Norton **DENIES** that First Health had any "reasonable expectation" or that such an expectation was disclosed to the Defendants."

103-112.**PARAGRAPHS ONE HUNDRED THREE THROUGH ONE HUNDRED TWELVE** are **DENIED.** Norton specifically **DENIES** that the Plaintiff is entitled to receive any of the relief requested in the "WHEREFORE" section following paragraph one hundred twelve (112).

## FIRST DEFENSE

### Failure To State A Claim

113.    In response to **PARAGRAPH ONE HUNDRED THIRTEEN (113)**, Norton incorporates herein by reference as though fully set forth paragraphs one (1) through one hundred thirteen (113) above.

114.    The Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND DEFENSE

### Failure To Join Needed Party

115.    Norton incorporates herein by reference as though fully set forth paragraphs one (1) through one hundred fourteen (114) above.

116.    In the absence of the Pennsylvania Department of Aging (hereinafter referred to as "PDA"), complete relief cannot be accorded among those already parties.  Any relief that might be granted to the current parties will not be controlling over the PDA who is processing the bids and contract for the PACE Program.

117.    PDA possesses an interest in the subject matter of this action and is so situated that any disposition in its absence may impair or impede PDA's ability to protect that interest.  Any ruling that alters PDA's process in awarding the contract will impair or impede PDA's interests in obtaining the best and most economical provider.

118.    Any relief granted in the absence of PDA would subject the parties to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations.  For example, if the Court should order, as inappropriately requested by the Plaintiff, that NPA be enjoined from implementing the PACE contract, this could be a breach of contractual obligations owed by NPA to PDA to implement the PACE Program.

119.    Pursuant to Fed. R. Civ. P. 19, the Plaintiff has failed to join a person or entity necessary for a just adjudication.

## THIRD DEFENSE

### Waiver Of Claim

120.    Norton incorporates herein by reference as though fully set forth paragraphs one (1) through one hundred nineteen (119) above.

121.    First Health was aware throughout much, if not all, of the bid process that PDA supported the use of First Health employees by any successful bidder.

122.    First Health failed to raise any protest to the use of First Health employees by any successful bidder within seven (7) days as required by the Field Procurement Handbook, Chapter 58, Section B.1.

123.    By allowing the bid process to proceed without protest, Plaintiff has waived any right to claim that First Health employees cannot be used by the successful bidder in implementing the new PACE contract.

## FOURTH DEFENSE

### Unenforceability of Restrictive Covenants

124.    Norton incorporates herein by reference as through fully set forth paragraphs one (1) through one hundred twenty-three (123) above.

125.    The law favors fair competition and discourages restraint of trade.

126.    The restrictive convenants between Norton and First Health are, if interpreted as First Health proposes, an unfair restraint on trade and would inhibit fair competition for the PACE contract.

127.    Enforcement of these restrictive covenants would be injurious to the public in that it may disrupt services under PACE and would deny taxpayers the benefit of the lowest bidder.

128.    Enforcement of these restrictive covenants would create an undue hardship on Norton in that he would be denied gainful employment in the area of his expertise.

129.    In order for a restrictive covenant to be enforced, there must be trade secrets or confidential information involved.

130.    The information used by NPA and Norton in preparation of the bid proposal for NPA does not contain trade secrets or confidential information owned by First Health.

131.    First Health has not demonstrated a protectible business interest in any information used in the NPA bid proposal.

132.    In working for NPA, Norton has only used general skills and knowledge acquired during his former employment. Norton has the right to pursue his particular occupation.

133.    The restrictive covenants are not reasonable and are, therefore, not enforceable under relevant law.

## FIFTH DEFENSE

### No Interference with Contractual Relations

134.    Norton incorporates herein by reference as though fully set forth paragraphs one (1) through one hundred thirty-three (133) above.

135.    First Health must demonstrate the existence of present contractual relations and the intent to interfere with those contractual relations.

136.    There is no interference with the existing contract by bidding to provide services after the current contract expires.

137. There is no evidence of intent of the Defendants to interfere with the present contract.

138. There is no basis for a claim for tortious interference with contractual relations.

## SIXTH DEFENSE

### No Misappropriation of Trade Secret

139. Norton incorporates herein by reference as though fully set forth paragraphs one (1) through one hundred thirty-eight (138) above.

140. First Health has failed to specifically allege any trade secret used by NPA or Norton.

141. No trade secrets were misappropriated by Defendants.

142. Any information used by NPA and Norton was generally available through PDA and the bid process, and, therefore, would not constitute a trade secret.

**143.** There is no factual basis to support a claim of misappropriation of trade secret.

## SEVENTH DEFENSE

### No Fiduciary Duty

144. Norton incorporates herein by reference as though fully set forth paragraphs one (1) through one hundred forty-four (144) above.

145. First Health has not identified any fiduciary duty that was breached by Defendants.

146.    First Health has not identified any inducement by NPA to breach this unidentified fiduciary duty.

147.    There has been no breach of any fiduciary duty.

## EIGHTH DEFENSE

### No Reasonable Expectation

148.    Norton incorporates herein by reference as though fully set forth in paragraphs one (1) through one hundred forty-seven (147) above.

149.    First Health had no reasonable expectation of continuing to administer the PACE program beyond the expiration of its current contract.

150.    First Health knew the new contract would be awarded according to the bid proposal process used by PDA and, therefore, there was no reasonable expectation that First Health would be awarded a new contract.

151.    There was no prospective contractual relationship between First Health and PDA to be the subject of any interference.

## NINTH DEFENSE

### Lack of Ripeness

152.    Norton incorporates herein by reference as though fully set forth paragraphs one (1) through one hundred fifty-one (151)  above.

153.    The bid protest, that raises the same issues, before the PDA has not yet been ruled upon.

154.    Until the bid protest has been resolved, the contract will not be executed with NPA.

155.    This matter is not yet ripe for consideration by this Court.

## COUNTERCLAIMS

## FIRST COUNTERCLAIM

### Wrongful Use of Civil Proceedings

156.    Norton incorporates herein by reference as though fully set forth

paragraphs one (1) through one hundred fifty-five (155) above.

157.    This proceeding has been initiated to maliciously interfere with the

rightful award of the PACE contract to NPA.

158.    These proceedings have been initiated to maliciously prevent the gainful

employment of Norton.

159.    These proceedings will be terminated in favor of the Defendants.

160.    These proceedings were initiated against Defendants without probable

cause.

161.    These proceedings were instituted primarily for improper cause, i.e., to

obtain the PACE contract for First Health in defiance of the bid process.  First

Health is employing the legal process primarily to harm both NPA and Norton to

its own benefit.

162.    The Plaintiff is wrongfully using civil proceedings.

WHEREFORE, the Defendants claim compensatory damages for

increased expenses and lost profits caused by the delay in the contract being

executed along with attorneys' fees and costs of the defense.  Defendants also

claim punitive damages.

## SECOND COUNTERCLAIM

### Abuse of Process

Norton incorporates herein by reference as though fully set forth herein paragraphs one (1) through one hundred sixty-two (162) above.

163.    First Health has perverted the legal process by wrongfully seeking to disrupt the award of the contract to NPA and wrongfully seeking to prevent the rightful employment of Norton.

164.    There is no probable cause for the Plaintiff to continue with these proceedings.

165.    First Health has continued with these proceedings for the improper purpose of harming both NPA and Norton to its own benefit.

166.    First Health has committed an abuse of process in pursuing this alleged cause of action.

WHEREFORE, the Defendants claim compensatory damages for increased expenses and lost profits caused by the delay in the contract being executed along with attorneys' fees and costs of the defense. Defendants also claim punitive damages.

AND, WHEREFORE, the Defendants request judgement in their favor.

Respectfully Submitted,

Dilworth Paxson LLP


Thomas B. York
Christine D. Consiglio
Dilworth Paxson LLP
305 N Front Street, Suite 403
Harrisburg, PA  17101

Dated: March 13, 2000

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent via facsimile and overnight mail this 13th day of March 2000 to:

> Scott L. Vernick, Esq.
> Jeffrey D. Hutton, Esq.
> Fox, Rothschild, O'Brien & Frankel LLP
> 2000 Market Street, Tenth Floor
> Philadelphia, PA 19103-3291

*Thomas B. York*

Thomas B. York
Christine D. Consiglio
Dilworth Paxson LLP
305 North Front Street
Suite 403
Harrisburg, PA 17101

March 13, 2000