ORIGINAL

IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT
OF PENNSYLVANIA

| | |
|---|---|
| FIRST HEALTH GROUP CORP.,<br>3200 Highland Avenue<br>Downers Grove, IL 60515-1282,<br><br>   Plaintiff,<br><br>  v.<br><br>NATIONAL PRESCRIPTION<br>ADMINISTRATORS, INC.,<br>711 Ridgedale Avenue<br>East Hanover, NJ 07936<br><br>  And<br><br>DAVID W. NORTON,<br>1220 Whitby Road<br>Richmond, VA 23277,<br><br>   Defendants | :<br>:<br>:<br>:<br>:<br>: CIVIL ACTION NO.<br>: 1:00-CV-312<br>:<br>: √Kane<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |



FILED
MAY 0 1 2000
PER ___
HARRISBURG, PA.   DEPUTY CLERK

## DEFENDANTS' RESPONSE TO MOTION FOR PRELIMINARY INJUNCTION OF PLAINTIFF FIRST HEALTH GROUP CORP.

The discovery schedule issued by the court directed that all depositions be completed by April 28, 2000. Based upon that discovery schedule, the Defendants requested and received an extension of time until May 1, 2000 to respond to the Motion For Preliminary Injunction Of Plaintiff First Health Group Corp. The May 1 date was chosen to allow the Defendants to cite to discovery responses and deposition testimony in opposing the motion for a preliminary injunction.

Due to a significant number of depositions, and some difficulty in conducting depositions in another state where the deponents reside, the Plaintiff has scheduled two

16318-1

depositions for May 3 and 4. These depositions may provide relevant information to be cited in opposition to the motion for a preliminary injunction.

The Defendants noticed only three depositions: Robert Howells, Teresa DiMarco, and a designee of First Health Group Corp. The deposition of Ms. DiMarco, who was also the corporate designee, was begun on April 26, 2000. That deposition has been continued to May 5, 2000. The deposition of Mr. Howells was scheduled for April 28, 2000, but did not occur due to some question as to his medical health and other matters. That deposition must be rescheduled. These depositions are vitally important to any final response to the motion for a preliminary injunction.

The Defendants' counsel has discussed with Plaintiffs' counsel a possible further extension of time to respond to the motion for preliminary injunction. The parties have agreed, with the hearing in this matter rapidly approaching, that they will cite to any relevant discovery responses or deposition testimony in a "trial brief" or a "post-trial brief." As a result, a further extension of time is unnecessary.

The motion for a preliminary injunction is virtually identical to the Plaintiffs' Motion For Temporary Restraining Order. In fact, the Court received a Memorandum Of Law In Support of Plaintiff First Health Group Corp.'s Motion For Temporary Restraining Order And Preliminary Injunction which simultaneously addressed both motions. <u>Consequently, the Defendants incorporate herein by reference as though fully set forth the Brief In Opposition To Temporary Restraining Order in response to the motion for preliminary injunction</u>. Before discovery is completed of certain key witnesses, a more detailed response cannot be filed. The Brief In Opposition To The Temporary Restraining Order adequately disputes the right to any injunctive relief.

16318-1

The Defendants request that the motion for preliminary injunction be denied.

Respectfully Submitted,

*Thomas B. York*
Thomas B. York
Christine D. Consiglio
Dilworth Paxson LLP
305 N Front Street, Suite 403
Harrisburg, PA 17101
(717) 236-4812

Dated: May 1, 2000

16318-1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent via facsimile and first class mail this 1st day of May 2000 to:

> Scott L. Vernick, Esq.
> Jeffrey D. Hutton, Esq.
> Fox, Rothschild, O'Brien & Frankel LLP
> 2000 Market Street, Tenth Floor
> Philadelphia, PA  19103-3291

Thomas B. York

May 1, 2000

16245-1