IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT
OF PENNSYLVANIA

| | |
|---|---|
| FIRST HEALTH GROUP CORP., 3200 Highland Avenue, Downers Grove, IL 60515-1282, | : |
| Plaintiff, | : CIVIL ACTION NO. 1:00-CV-312 |
| v. | : |
| NATIONAL PRESCRIPTION ADMINISTRATORS, INC., 711 Ridgedale Avenue, East Hanover, NJ 07936 | : |
| And | : |
| DAVID W. NORTON, 1220 Whitby Road, Richmond, VA 23277, | : |
| Defendants | : |

FILED
HARRISBURG, PA
JUL 07 2000
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

### DEFENDANTS' MOTION TO STRIKE THE PROPOSED FINDINGS OF FACT OF FIRST HEALTH GROUP CORP.

AND NOW, come the Defendants, by their attorneys, and move this Court to strike the Proposed Findings Of Fact Of Plaintiff First Health Group Corp., and aver the following:

1.  During the hearing, proposed findings of fact and proposed conclusions of law were mentioned. By Order dated June 20, 2000, the Court stated that "proposed findings of fact and conclusions of law" should be filed. The Court did not specify at that time how the facts and law should be presented in a post-hearing submission.

2.  Defendants' counsel contacted Ms. Jennifer Kennedy to inquire as to whether the Court would prefer a post-hearing brief covering the facts and law <u>or</u>

1

separate findings of fact and conclusions of law in the more formal format of numbered paragraphs. Ms. Kennedy stated that <u>either</u> was acceptable to the Court.

3. The Plaintiff's counsel indicated to the Court that he was intending to file a "post-hearing brief" and he sought guidance as to the page limitation. Plaintiff's counsel did not ask to file a separate document to cover proposed findings of fact. He requested 60 pages for a <u>post-hearing brief.</u>

4. The Court ordered that "post-hearing briefs" should not exceed thirty (30) pages. The Court did not indicate that any proposed findings of fact would not be considered part of any post-hearing brief.

5. In the experience of Defendants' counsel, "post-hearing briefs" have always included a statement of facts for reference by the Court. There was no reason to believe that any "post-hearing briefs" would not include the factual findings being proposed by the parties.

6. The Plaintiffs' counsel filed both a 30-page "Memorandum of Law" and a 62-page "Proposed Findings of Fact." This 92-page submission is not in compliance with the 30-page limitation imposed by the Court.

7. The Plaintiff's counsel extensively discusses the "facts" in his "Memorandum of Law" with frequent citation to the record. The so-called "Memorandum of Law" is not focused on proposed conclusions of law. The Plaintiff's counsel merely seeks to supplement his post-hearing brief of thirty pages with another sixty-two pages of "facts."

8. The Plaintiff's counsel must have known that a "post-hearing brief" was to include factual findings when he requested sixty pages. Obviously, sixty pages were not necessary to cover the limited law that is cited in Plaintiff's "Memorandum of Law."

2

Having failed to obtain permission for sixty pages, the Plaintiff's counsel merely split away some of the facts as "Proposed Findings" and entitled his brief "Memorandum of Law."

9.  In contrast, when Defendants learned of the thirty-page limitation, they worked for several days narrowing their submission to include only the most important facts and case law. The Defendants' attorneys have expended a great amount of time to narrow their brief to accommodate the directions of the Court.

10. The Court's ruling limiting briefs to thirty pages would be rendered largely meaningless if the Plaintiff may file a 92-page submission. The Court will not receive the concise and focused statement of the case that it had requested. In fact, Defendants will need to file many pages to correct or explain the alleged "facts" outlined in Plaintiff's lengthy "Proposed Findings." Instead of the Court having to digest around a hundred total pages, which would include initial and reply briefs, the Court will now need to address hundreds of pages.

11. Allowing the Plaintiff's counsel to submit a "brief" of 92 pages, in a divided format of "Proposed Findings" and "Memorandum of Law," would avoid the reasonable limitation imposed by the Court of thirty pages. As the Court is aware, post-trial briefs are typically limited to 15 pages. Local Rule 7.33. Certainly, a thirty-page limit on a hearing for preliminary injunction is reasonable, especially where reply briefs are contemplated by the Court.

12. The Defendants ask that the Court immediately rule on this motion because the reply brief to Plaintiff's submission is due on July 14, 2000. Since all the

3

necessary facts and arguments are contained in this motion, the Defendants request that the Court waive any need for a supporting brief. Local Rule 7.30.

WHEREFORE the Defendants' request that the Court strike the Proposed Findings Of Fact Of Plaintiff First Health Group Corp. as being in excess of the thirty pages permitted by the Court. In the alternative, which would not be preferable since Defendants' have already expended great effort to honor the Court's page limitation, the Court should allow the Defendants at least sixty (60) pages to respond to Plaintiff's "Proposed Findings" in addition to any reply brief.

Respectfully Submitted,<br>
Dilworth Paxson LLP<br>
<br>
_____<br>
Thomas B. York<br>
Christine D. Consiglio<br>
Dilworth Paxson LLP<br>
305 N Front Street, Suite 403<br>
Harrisburg, PA 17101<br>
(717) 236-4812

July 7, 2000

## CERTIFICATE OF NON-CONCURRENCE

Defendants' counsel has contacted Plaintiff's counsel, Scott Vernick, to request his concurrence in the foregoing motion and such concurrence was denied. Mr. Vernick suggested a conference with the Court and Defendants' counsel agreed. Since the Court indicated to Mr. Vernick that a conference was unnecessary and since there is limited time to respond to Plaintiff's post-hearing submission, the Defendants believe it is advisable to file this motion pending resolution of the issue by the Court.

_____
Thomas B. York

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was sent via facsimile and first class mail this 7th day of July 2000 to:

>Scott L. Vernick, Esq.
>Jeffrey D. Hutton, Esq.
>Fox, Rothschild, O'Brien & Frankel LLP
>2000 Market Street, Tenth Floor
>Philadelphia, PA 19103-3291
>(215) 299-2150

*/s/ Thomas B. York*
Thomas B. York

July 7, 2000

16245-1