IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FIRST HEALTH GROUP CORP.,

        Plaintiff,

v.                         NO. 1:00-CV-312

NATIONAL PRESCRIPTION
ADMINISTRATORS, INC. and
DAVID W. NORTON,

        Defendants.

**RESPONSE OF PLAINTIFF FIRST HEALTH GROUP CORP.
TO DEFENDANTS' MOTION TO STRIKE THE PROPOSED
FINDINGS OF FACT OF FIRST HEALTH GROUP CORP.**

Plaintiff, First Health Group Corp. ("First Health"), by and through its attorneys, Fox, Rothschild, O'Brien & Frankel, LLP, responds to defendants' motion to strike the proposed findings of fact of First Health as follows:

1. During the preliminary injunction hearing, the parties discussed with the Court the submission of proposed findings of fact, conclusions of law and/or a post-hearing brief. As part of its consideration of the nature and extent of the parties' post-hearing submissions, the Court stated its desire that the parties file "complete" proposed findings of fact. (Preliminary Injunction Hearing Transcript at 579).

2. Consistent with First Health's understanding of the Court's intention and the Court's Orders dated June 20 and 26, 2000, First Health filed its proposed findings of fact on July 3, 2000.

3. Separate and apart from its proposed findings of fact, and consistent with its understanding of the discussion before Court during the preliminary injunction hearing and the Court's Order of June 26, 2000, First Health also prepared and filed (on July 3, 2000) a memorandum of law in support of its motion for injunctive relief.

4. During the course of preparing its post-hearing brief or memorandum of law, First Health sought guidance from the Court in view of Local Rule 7.33. In this regard, First Health filed a motion for permission to submit post-hearing briefs in excess of the fifteen (15) page limit permitted by Local Rule 7.33 (the "motion"); First Health's motion only and specifically addressed the length of a post-trial brief. In view of the Court's request and Order for proposed findings of fact, First Health did not believe that its motion needed to address the proposed findings of fact and, as a result, the motion did not.

5. In the experience of plaintiff's counsel, post-hearing submissions are often comprised of a separate document setting forth proposed findings of fact, and a separate memorandum of law or brief.

6. In view of the Court's statements during the preliminary injunction hearing and its Orders dated June 20, 2000 and June 26, 2000, First Health believes that its post-hearing submissions are fully in compliance.

2

7. Contrary to the assertion made by defendants, First Health's proposed findings of fact and separate memorandum of law serve two distinct purposes. First Health's proposed findings of fact are designed to provide the Court with a complete evidentiary basis to support a ruling in favor of First Health. First Health's memorandum of law is designed to provide the Court with the application of law to facts, and legal argument and analysis to support a ruling in favor of First Health. All but one and a half pages of First Health's memorandum of law is devoted to argument.

8. At the time First Health filed its motion, the approximate length of its draft memorandum of law was sixty (60) pages; as a result, contrary to defendants' assertion, First Health did not know that its post-hearing brief was to include factual findings and, like defendants' counsel, worked hard to bring its memorandum of law within the page limit set by the Court.

9. First Health respectfully suggests that, if the Court permits or requires defendants to file separate proposed findings of fact, the Court should permit defendants to do so by Friday, July 14, 2000, with all parties being permitted to file replies of no more than fifteen (15) pages by Friday, July 28, 2000.

3

WHEREFORE, plaintiff First Health respectfully requests that the Court deny defendants' present motion or, in the alternative, enter the attached proposed form of order.

Respectfully submitted,

*/s/ Scott L. Vernick*

SCOTT L. VERNICK, ESQUIRE
JEFFREY D. HUTTON, ESQUIRE
FOX, ROTHSCHILD, O'BRIEN & FRANKEL, LLP
2000 Market Street, 10th Floor
Philadelphia, PA, 19103-3291
(215) 299-2000

Attorneys for Plaintiff
FIRST HEALTH GROUP CORP.

Dated:   July 7, 2000

4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FIRST HEALTH GROUP CORP.,                :
                                          :
                   Plaintiff,             :
                                          :
v.                                        :   NO. 1:00-CV-312
                                          :
NATIONAL PRESCRIPTION                     :
ADMINISTRATORS, INC. and                  :
DAAVID W. NORTON,                         :
                                          :
                   Defendants.            :

## CERTIFICATE OF SERVICE

I hereby certify that, on the date set forth below, I served a copy of the response of plaintiff, First Health Group Corp. to defendants' motion to strike the proposed findings of fact of First Health Group Corp. on the person identified below, via federal express mail:

> Thomas B. York, Esquire
> Dilworth Paxson LLP
> 305 N. Front Street, Ste. 403
> Harrisburg, PA 17101-1236
> (727) 236-4812
> Attorney for Defendants,
> National Prescription Administrators. Inc. and
> David W. Norton

_____
JEFFREY D. HUTTON, ESQUIRE

Date: July 7, 2000